# United States District Court

Northern District of Texas
Dallas Division

UNITED STATES OF AMERICA

v.                                                    Case Number   3:04-CR-262-L (01)

JOHNNY AGUINAGA
  Defendant

## JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

The defendant, JOHNNY AGUNAGA, was represented by Robert L. Webster and Toby L. Shook.

**THE DEFENDANT:**

Pleaded true to violations of conditions of the term of supervison.  A copy of the Petition for Offender Under Supervision, filed January 3, 2012, is attached.

A copy of the Judgment imposed on October 16, 2000, in the Western District of Texas, San Antonio Divison, is attached.

As pronounced on September 3, 2013, the defendant is sentenced as provided in pages 1 and 2 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.  For the court's justification of the sentence imposed, please refer to the written transcript.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the 3rd day of September, 2013.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP - 3 2013
CLERK, U.S. DISTRICT COURT
By _____ Deputy

Defendant: JOHNNY AGUINAGA  Judgment--Page 2 of 2
Case Number: 3:04-CR-262-L (01)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Six (6) months.**

The court makes the following recommendations to the Bureau of Prisons: The court recommends that Defendant be allowed to serve his sentence at FCI, Seagoville, if he is eligible.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

FILED
JAN - 3 2012
CLERK, U.S. DISTRICT COURT
By _____
Deputy

## Petition for Offender Under Supervision

Name of Offender: Johnny Aguinaga

Case No.: 3:04-CR-262-L(01)

Name of Sentencing Judicial Officer: U.S. District Judge Fred Biery (Jurisdiction was transferred to U.S. District Judge Sam A. Lindsay on August 5, 2004.)

Date of Original Sentence: October 12, 2000

Original Offense: Conspiracy to Possess With Intent to Distribute Marijuana, 21 USC § 846

Original Sentence: 24 months custody, 60-month term of supervised release

Type of Supervision: Supervised Release     Date Supervision Commenced: February 13, 2003

Assistant U.S. Attorney: Priscilla Garcia     Defense Attorney: Robert T. Basket (Retained)

### Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the offender violated the following conditions:

### I.

**Violation of Standard Condition No. 7**

The defendant shall not leave the judicial district without the permission of the Court or probation officer.

**Nature of Noncompliance**

On May 18, 2006, Johnny Aguinaga traveled by American Airlines to Monterrey, Mexico, without having permission of the court or the probation officer. On May 24, 2006, Mr. Aguinaga, verbally and in writing, admitted to U.S. Probation Officer Donna E. Thompson, that he had traveled to Monterrey, Mexico, without permission.

### II.

**Violation of Standard Condition No. 8**

The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first 5 days of each month.

**Nature of Noncompliance**

Johnny Aguinaga violated this condition of supervised release when he failed to report to the U.S. Probation Office on June 12 and July 5, 2006, as directed by the probation officer. In addition, Mr. Aguinaga failed to submit a monthly supervision report for the month of June 2006.

Several attempts have been made to reach Mr. Aguinaga by telephone and through correspondence and there had been no response. It is my understanding that Johnny Aguinaga is currently living in Mexico.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 28, 2011

s/ Donna Elling Thompson
U.S. Probation Officer
Arlington, Texas
817-649-2577, Ext. 240
Fax: 817-649-5954

Approved,

s/ Rollin Morris
Supervising U.S. Probation Officer
817-649-2577, Ext. Et 205

---

**Order of the Court:**

☐ No Action

☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record. Unsealed upon arrest.

☐ The Issuance of a Summons

☐ Other or Additional:

Sam A. Lindsay
U.S. District Judge

Date 1/3/12

[DET/cc]

AO 245 S (Rev. 10/93)(W.D.Tx. Rev.2.0) Sheet 1 - Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
Western District of Texas
SAN ANTONIO DIVISION

**FILED**
OCT 1 6 2000
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

UNITED STATES OF AMERICA

v.

JOHNNY AGUINAGA,

Defendant.

Case Number   SA-99-CR-504(3)FB
USAO Number   1999R06875

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, JOHNNY AGUINAGA, was represented by Robert T. Baskett.

On motion of the United States, the Court has dismissed the remaining counts in this case as to this defendant.

The defendant pled guilty to Count(s) 1 of the Indictment on January 14, 2000. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 21 USC 846, contrary to 21 USC 841(a)(1) & 841(b)(1)(B) | Conspiracy to Possess with Intent to Distribute Marijuana | On or before 10/20/99 until 10/21/99 | 1 |

As pronounced on October 12, 2000, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the ___16___ day of October, 2000.

FRED BIERY
United States District Judge

Defendant's SSN: 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
Defendant's Date of Birth: February 16, 1980
Defendant's address: 2840 S. Mercedes, Dallas, TX 75216

A true copy of the original, I certify.
Clerk, U. S. District Court
By: _____ Deputy

Defendant: JOHNNY AGUINAGA
Case Number: SA-99-CR-504(3)FB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 months, with credit for time served while in custody for this offense.

The Court makes the following recommendations to the Bureau of Prisons:

(a) That the defendant be placed in an Intensive Confinement Program, should he meet the eligibility criteria. The Court believes that the defendant can benefit from participation in this program.

(b) That the defendant be incarcerated in a federal facility as close to Dallas, Texas as possible.

(c) That the defendant be evaluated for and permitted to attend the 500 - Hour Intensive Drug Abuse Education Program.

(d) That the defendant attend and participate in a General Equivalency Diploma Program and vocational training program(s) while incarcerated.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons at or before 2:00 PM when notified to report by the United States Pretrial Services Officer.

The defendant shall not be required to report prior to January 5, 2001.

The defendant shall report to the U..S. Pretrial Services Office as directed by the U.S. Pretrial Services Officer while pending designation of the institution.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: JOHNNY AGUINAGA
Cas Number: SA-99-CR-504(3)FB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this Court as set forth on page 4 of this judgment; and shall comply with the following additional conditions:

X The defendant shall pay any special assessment balance that remains unpaid at the commencement of the term of supervised release at the rate of no less than $10.00 per month.

X The defendant shall participate in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the Probation Officer, based on the defendant's ability to pay.

**ACKNOWLEDGEMENT OF CONDITIONS**

I have read or have had read to me the conditions of supervision set forth in this judgement and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

[signature] 2-13-13
Defendant Date

[signature] 2-13-13
United States Probation Officer Date

AO 245 S (Rev. 10/93)(W.D.TX. Rev. 2.0) Sheet 3a - Supervised Release

Judgment—Page 4 of 5

Defendant: JOHNNY AGUINAGA
Case Number: SA-99-CR-504(3)FB

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.
2) The defendant shall not illegally possess a controlled substance.
3) If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with a schedule to be approved by the Court. In any case, the defendant shall cooperate with the Probation Officer in meeting any financial obligations.
4) In supervised release cases only, the defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
5) If convicted of a felony, the defendant shall not posses a firearm as defined in 18 U.S.C. §921.
6) For offenses committed on or after September 13, 1994, the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the Probation Officer.

The above drug testing condition may be suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

7) The defendant shall not leave the judicial district without the permission of the Court or Probation Officer.
8) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.
9) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.
10) The defendant shall support his or her dependents and meet other family responsibilities.
11) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.
12) The defendant shall notify the Probation Officer ten days prior to any change in residence or employment.
13) The defendant shall refrain from excessive use of alcohol.
14) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
15) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.
16) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.
17) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
18) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
19) As directed by the Probation Officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notifications and to confirm the defendant's compliance with such notification requirement.